UNITED STATES of America,
Plaintiff—Appellee,

v.

Robert James FLARIDA, aka Fred Stone; aka Butch Flarida,
Defendant—Appellant.

No. 02–50065.
D.C. No. CR–98–00152–GLT–01.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 29, 2004.

Decided May 26, 2004.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Elana Shavit Artson, USLA–Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Eric T. Smith, Orange, CA, for Defendant–Appellant.

Before PREGERSON, BEEZER, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Robert James Flarida appeals his jury conviction and 121–month sentence for mail fraud, 18 U.S.C. § 1341, wire fraud, 18 U.S.C. § 1343, and money laundering, 18 U.S.C. § 1956(a)(1)(A)(i), arising out of his role in a telemarketing scheme that targeted elderly individuals. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Flarida first argues that the district court erred by instructing the jury that no specific statements or omissions were necessary to support a finding of a "scheme to defraud." In a published opinion concerning Flarida's co-defendants, we rejected an identical argument. *See United States v. Woods,* 335 F.3d 993, 998–1000 (9th Cir.2003) (holding that the materiality element of the mail and wire fraud offenses does not require proof of a specific false statement or a specific omission, and that the fraudulent nature of a scheme to defraud is measured by non-technical standards). Following *Woods,* we hold that the district court did not err in instructing the jury.

■ Next, Flarida alleges that the district court erred by taking judicial notice of a Federal Trade Commission regulation—the Telemarketing Sales Rule at 16 C.F.R. §§ 310.3–310.4—to support wire and mail fraud charges. Again, this argument is precluded by *Woods. See* 335

---

F.3d at 1001. We affirm the district court's decision to take judicial notice of this regulation.

■ Finally, Flarida contends that the district court erred by denying his motion pursuant to Federal Rule of Criminal Procedure 33 for a new trial, or, in the alternative, an evidentiary hearing, in light of the government's alleged failure to produce evidence in violation of the Jencks Act, 18 U.S.C. § 3500, Federal Rule of Criminal Procedure 16, and *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We review a district court's denial of a motion for a new trial for abuse of discretion, and review factual findings for clear error. *United States v. Endicott,* 869 F.2d 452, 454 (9th Cir.1989).

Under Rule 33, a district court may vacate any judgment and grant a new trial if "the interest of justice so requires." Fed. R.Crim. Proc. 33(a). A new trial may be granted based on newly discovered evidence, Fed. R.Crim. Proc. 33(b)(1), and Flarida contends that several newly discovered witness statements and documents warrant this result. To obtain a new trial on this ground, he must show that: (1) this evidence is newly discovered; (2) his failure to discover the evidence was not due to a lack of diligence; (3) the evidence is material to the issue at trial; (4) the evidence is neither cumulative nor impeaching; and (5) a new trial would probably result in an acquittal. *United States v. Waggoner,* 339 F.3d 915, 919 (9th Cir. 2003).

Flarida contends that his later interviews of several witnesses revealed that their government interviews had been audio-recorded and that they had turned over certain documents that Flarida never received. The government disclosed its list of witnesses prior to trial, but Flarida has not explained why he could not have obtained affidavits from these witnesses earlier. *See United States v. Sarno,* 73 F.3d 1470, 1507 (9th Cir.1995). This failure to exercise diligence alone defeats Flarida's motion for a new trial. *Id.* In addition, he has not shown how information in the alleged audiotapes of the witnesses' interviews would have affected the outcome of his trial. The district court found that the evidence, if it existed, would be merely cumulative or impeaching, and this finding is not clearly erroneous.

Under Rule 16,

the government must disclose to the defendant the substance of any relevant oral statement made *by the defendant,* before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.

Fed. R.Crim. Pro. 16(a)(1)(A) (emphasis added). Flarida has not indicated any statement made *by the defendant*—i.e., made by him—that the Government failed to disclose. Additionally, a Rule 16 violation cannot be premised on the government's failure to disclose statements made by its witnesses because the Rule "expressly states that it does not authorize discovery of inspection of statements made by prospective government witnesses." *United States v. Alvarez,* 358 F.3d 1194, 1207 n. 8 (9th Cir.2004).

The Jencks Act requires the government to turn over any prior statements made by its testifying witnesses. 18 U.S.C. § 3500(b). Without resolving the question whether such statements ever existed, the district court found that Flarida failed to make any showing that such evidence "would have had any effect" upon the conviction, "[n]or has [Flarida] shown a new trial including the new evidence would likely produce a different result." Thus, the district court found that the govern-

ment's alleged nondisclosure, if it even occurred, was harmless.

■ Harmless error analysis properly applies to alleged Jencks Act violations, *see United States v. Riley,* 189 F.3d 802, 805 (9th Cir.1999), and we agree with the district court that the Jencks Act violation that Flarida alleges, if it even occurred, would have been harmless. Flarida fails to point to any evidence gathered from the post-trial interviews that suggests that the tape recordings, or transcripts thereof, would be potentially useful to the defense. In fact, Flarida's post-trial interviews indicate that this evidence, if it exists, is merely duplicative of other evidence in possession of defense counsel. Similar to *United States v. Sterling* 742 F.2d 521, 525 (9th Cir.1984), Flarida possessed at trial the same information that the undisclosed evidence provided. Thus, the record demonstrates that Flarida suffered no significant injury and that the district court did not abuse its discretion by finding that any error was harmless.

Flarida also argues that a new trial is warranted because the government violated *Brady v. Maryland* by failing to disclose allegedly exculpatory evidence it had received from witnesses, including a questionnaire, a refund request, a napkin with hand-written notes, and other notes regarding witness interviews. To establish a *Brady* violation, Flarida must prove that: (1) the evidence at issue would be favorable to him in that it is exculpatory or impeaching; (2) the government withheld the evidence, either willfully or inadvertently; and (3) he was prejudiced as a result. *Strickler v. Greene,* 527 U.S. 263, 281–82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999). We review de novo the district court's denial of a motion for a new trial based on alleged *Brady* violations. *United States v. Danielson,* 325 F.3d 1054, 1074 (9th Cir.2003).

The government maintains that all relevant and discoverable material was disclosed to the defense and that no exculpatory evidence was derived from its investigations. Flarida has not proven the existence of such evidence, let alone any attempt by the government to suppress it. Even if it did exist, there is nothing to suggest that this evidence was in fact exculpatory such that a different result would have been reached at trial had it been presented to the jury. Therefore, the district court did not err by concluding that no *Brady* violation had occurred.

**AFFIRMED.**